GRAY CLOTHES v. MICHAELS, STERN & CO.

TRIAL—RULING OF COURT—ABUSE OF DISCRETION—REOPENING CASE.
Where, in an action for the breach of a contract by re-
fusing to fill an order for goods, the trial judge had ruled
that evidence of the cost of selling same was not neces-
sary to recovery for loss of profits, but, on defendant's
motion for a directed verdict, reversed his ruling, his
refusal to reopen the case and allow plaintiff to produce
said evidence, which he claimed to be able to do without
delaying the trial, although in argument on the motion
he stated it was not available, amounted to an abuse of
discretion.[1]

Error to Wayne; Miller (Guy A.), J.   Submitted
June 15, 1926.   (Docket No. 5.)   Decided July 22,
1926.

Assumpsit by Gray Clothes, Incorporated, against
Michaels, Stern & Company for breach of a contract
of sale.   Judgment for defendant on a directed ver-
dict.   Plaintiff brings error.   Reversed.

*Frank N. Renaud* (*George P. Coash*, of counsel),
for appellant.
*Arthur Schueler*, for appellee.

McDONALD, J.   The plaintiff is engaged in the re-
tail clothing business in the city of Detroit, Michigan.
The defendant is a manufacturer of men's clothing in
Rochester, New York.   This suit was brought to re-
cover damages for the refusal of the defendant to
fill an order for 126 suits of clothes.   Because there
was no open market for the goods the plaintiff offered
evidence of loss of profits.   At the conclusion of the

---

[1]Trial, 38 Cyc. p. 1361, p. 1363.

plaintiff's case the defendant moved for a directed verdict on the ground that there was no evidence as to the cost of selling the goods. When the court indicated what disposition he would make of the case counsel for the plaintiff requested permission to introduce additional testimony. This request was refused. A verdict was directed and judgment was entered for the defendant. The plaintiff brings error.

There are two assignments of error. Both relate to the refusal of the court to permit the plaintiff to open the case and introduce proofs on the question of the cost in selling the goods. In giving his reasons for the action taken, the trial court said in part:

"At the time when the question of producing the testimony and of directing a verdict for the lack of such testimony, as bearing on the question of damages, was under discussion, counsel for plaintiff stated in open court as a reason for opposition to the motion that he didn't have such testimony and that it was impossible to produce such testimony. This statement was explicit and was made as I recall with no reservation whatever. It was made for the purpose of influencing the court in the determination of the motion and the idea was conveyed that there was no testimony available and that no testimony could be procured to meet this point. Plaintiff's position was because the testimony was unprocurable, therefore plaintiff was excused from producing any evidence upon that point. After the decision had been made upon the motion to direct a verdict, then counsel for plaintiff asked leave to reopen the case, and stated that the testimony could be procured shortly, probably within a period of fifteen minutes. * * * I cannot favor the taking of contradictory positions by counsel in cases with regard to testimony which can be produced."

When counsel for the plaintiff rested his case he had been advised by the rulings of the court that evidence of the cost of selling the goods was not material or necessary to a recovery for loss of profits. That

had been counsel's contention from the beginning.   He offered no proof on that question and objected to the defendant's cross-examination along that line.   In this he was sustained by the court.   On the argument of defendant's motion for a directed verdict, the circuit judge changed his ruling and held that testimony of the cost of selling the goods was necessary to the plaintiff's case.   Counsel for the plaintiff then asked that the case be opened so that he might have an opportunity to supply the necessary evidence.   He did not ask to delay the trial, but claimed to be ready with the proof which the court held was necessary to take his case to the jury.   The court was wrong in refusing to receive it.   The only legitimate purpose in a legal controversy is to secure justice.   In this case justice required that the plaintiff should have an opportunity to introduce all competent evidence, touching the matters in issue.   We have read the record, but have been unable to find any reasonable excuse for turning the plaintiff out of court before he had an opportunity to make his case.   The reason advanced by the circuit judge is not sufficient.   The action of the trial court under the circumstances as shown by this record was a clear abuse of its discretion.

The judgment should be reversed and a new trial granted, with costs to the plaintiff.   It is so ordered.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.